# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

VINCENT HARDICK                                  *

v.                                               *    Civil No. CCB-19-1160

BYTEGRID MANAGEMENT SERVICES, LLC, et al.        *

\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM**

Now pending is the defendants' motion to compel arbitration (ECF No. 6) which has been fully briefed. For the reasons explained below, it will be granted but the case will be stayed rather than dismissed.

For the sake of efficiency, familiarity with the facts will be presumed. The relevant provision in plaintiff Vincent Hardick's Employment Agreement reads as follows:

> Any dispute between the parties arising under this Agreement that is not resolved by the parties within thirty (30) days after such dispute has been described in writing by one of the parties hereto to the other may thereafter be referred by either of the parties hereto for resolution in accordance with the American Arbitration Association's Commercial Arbitration Rules ... Any arbitration procedures shall be conducted in the Borough of Manhattan, New York County, New York. The decision of the arbitrator shall be final and binding on the Company and the Executive. The Company and Executive shall share on an equal basis the fees payable to such arbitrator and the AAA.

Complaint, ECF No. 3, Ex. 1, ¶ 10(c).

The court will address the plaintiff's arguments in opposition to the motion to compel. First, there has been no waiver. Even if the defendants should have been required to seek arbitration promptly after receiving a written description of the dispute (and the provision does not say so), the correspondence relied on by plaintiff does no more than identify the general nature of the claim ("wrongful termination") and the type of relief ("injunctive") that might be sought. The dispute was not "described in writing" until the defendants were served with the complaint. Once served, they removed the case to this court and promptly sought to compel

arbitration. No waiver of the defendants' right to seek arbitration has been shown under either Maryland or federal case law. *See, e.g., Brendsel v. Winchester Constr. Co.*, 162 Md. App. 558, 584-87 (2005); *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249-50 (4th Cir. 2001).[1] Any delay was short, and the preparation and filing of a complaint, without more, does not amount to prejudice. *Micro*, 268 F.3d at 249-50.

Second, use of the word "may" does not render the agreement optional. Its clear meaning is that either party has the right, but is not required to, seek arbitration. If one party chooses to exercise that right, arbitration must be compelled. *In re Winstar Commc'ns Inc.*, 335 B.R. 556, 563 (Bankr. D. Del. 2005) (and cases cited therein); *see also United States v. Bankers Ins. Co.*, 245 F.3d 315, 320-21 (4th Cir. 2001).

The plaintiff requests that this action be stayed rather than dismissed, and the defendants acknowledge that the court may choose to do so. Accordingly, the case will be stayed while the parties proceed to arbitration.

A separate order follows.

10/2/19
Date

Catherine C. Blake
United States District Judge

---

[1] The Employment Agreement states that it shall be construed in accordance with the laws of Delaware (§ 10(c), but neither party cites any Delaware case law to the contrary.