**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| VINCENT HARDICK, <br><br> Plaintiff <br><br> v. <br><br> BYTEGRID MANAGEMENT SERVICES, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-01160-CCB |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Vincent Hardick, by and through undersigned counsel, files this Opposition to Defendants' Motion to Dismiss for Want of Prosecution. Plaintiff has filed a demand with the American Arbitration Association ("AAA") to proceed with arbitration, and Defendants' Motion to Dismiss is therefore moot.

**I.   BACKGROUND.**

This case involves a breach of contract and wrongful discharge dispute in which Plaintiff Vincent Hardick was wrongfully terminated "for cause" by his former employers Defendants ByteGrid Management Services LLC and BygteGrid Holdings LLC in an effort to avoid paying him his severance. There was no actual "cause" for Plaintiff's termination and the reasons given by Defendants for terminating him were pretext for Defendants' refusal to pay him the severance in which he is legally entitled.

Plaintiff filed a Complaint in the Circuit Court for Anne Arundel County against Defendants on March 1, 2019, asserting the following causes of action: Wrongful Discharge (Count I); Breach of Contract (Count II); Declaratory Judgment – Restrictive Covenants (Count

III); and Declaratory Judgment – Termination (Count IV). Defendants removed the case to this Court on April 19, 2019.

On April 26, 2019, nearly a year after learning that Plaintiff had retained counsel related to his wrongful discharge by Defendants, Defendants filed a motion to compel arbitration, pointing to Section 10(c) of the employment agreement entered into by Plaintiff and Defendant ByteGrid Management Services, Inc.[1] on March 4, 2015 (the "Employment Agreement").

The Court granted Defendants' motion to compel arbitration on October 2, 2019. (ECF 14). In doing so, Court ordered the Clerk to administratively close the case and ordered the case "stayed under 9 U.S.C. § 3 pending the results of arbitration." (*Id.*).

On July 14, 2020, Plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA"). (Ex. 1, Demand Filing Confirmation). The AAA sent a letter to all counsel on July 15, 2020, requesting payment from Defendants and stating that AAA would notify the parties as to response deadlines when all fees had been received. (Ex. 2, AAA Ltr.).

**II. ARGUMENT.**

Defendants' motion to dismiss for want of prosecution is now moot, given that Plaintiff has filed a demand with AAA initiating arbitration. The Court's Order compelling arbitration did not set a deadline for arbitration to be initiated or completed. The Court's Order stayed the matter pending the results of arbitration. Given that arbitration has been initiated and the Parties are now proceeding to arbitration, the matter should continue to be stayed and Defendants' motion to dismiss should be denied.

---

[1] ByteGrid Management Services, Inc.'s name subsequently changed to ByteGrid Management Services LLC.

Defendants cite to Local Rule 103(8)(b), which states in part that "[i]f no document has been filed in court in any action for more than nine (9) months, the Court may enter an order asking the parties to show cause why the case should not be dismissed." L.R. 103(8)(b). Defendants filed their motion to dismiss for want of prosecution nine months and six days after the Court issued an order compelling arbitration. In light of the Court's October 2019 Order staying the matter, there was no document that needed to be filed in court in this action during the stay. Moreover, the matter should not be dismissed because on July 14, 2020, Plaintiff filed a demand for arbitration with the AAA and the matter will proceed before the AAA once the required fees have been paid.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[D]ismissal under Rule 41(b) is a harsh sanction" and is "not to be invoked lightly." *Thornton v. Art Inst. Of Charlotte*, 2015 U.S. Dist. LEXIS 86522, *3 (W.D.N.C. July 2, 2015). *See also McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) ("Because dismissal is such a harsh sanction, however, it 'should be resorted to only in extreme cases.'").

In determining whether to dismiss an action for failure to prosecute, court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hendricks v. Quikrete Cos.*, 2017 U.S. Dist. LEXIS 53259, *5 (D. Md. April 5, 2017)

(quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). All of these factors weigh in Plaintiff's favor.

As to the first factor, "[d]ismissal should be ordered only in the face of a clear record of delay or contumacious by a plaintiff." *McCargo*, 545 F.2d at 396 (internal citations omitted). In *McCargo*, there was "no indication in the record that McCargo [the plaintiff] was personally responsible for her lawyer's delay in filing the third proposed pretrial order or that she or her lawyer was deliberately engaging in dilatory tactics." *Id.* Neither Plaintiff nor his counsel have been purposefully engaged in any dilatory tactics, and Plaintiff personally has not been involved in any delay in regards to arbitration or this matter.

Regarding the second factor, a "lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered." *McCargo*, 545 F.2d at 396. In *McCargo,* the Fourth Circuit found that there was no evidence that the defendants were prejudiced and considered the fact that "defendants never complained about the delay or sought dismissal as a result of it." *Id.* Defendants have made no argument in their motion to dismiss that they are in any way prejudiced by the timing of Plaintiff filing a demand for arbitration with AAA. In the period of time since the Court's October 2019 Order, Defendants have not contacted Plaintiff nor have Defendants complained or raised any concerns about the timing of proceeding with arbitration.

As to the third factor, there is nothing in the record indicating any "presence of a drawn out history of deliberately proceeding in dilatory fashion." In the time since the Court's Order compelling arbitration, the COVID-19 pandemic began and Plaintiff was not in a position to proceed with initiating a preferred in-person arbitration hearing in New York City, the location

4

for arbitration set forth in the employment agreement. Plaintiff has not drawn out the proceedings but has instead filed a request for arbitration with AAA.

In considering the fourth factor, the *McCargo* court found that in dismissing the action, the district court had not first considered any less drastic sanctions. *McCargo*, 545 F.2d at 396. The *McCargo* court held that the district court had abused its discretion in dismissing the action. *Id.* Dismissal should only be invoked in "extreme cases"; this is not one of them. *Id.* There is no need for any sanctions here—let alone dismissal—since Plaintiff has demanded arbitration, in compliance with the Court's Order, and the matter is proceeding before the AAA. The matter should continue to be stayed pending the results of arbitration.

### III.  CONCLUSION.

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and continue to stay the matter pending the results of arbitration.

                                                     Respectfully submitted,

                                                       /s/  Timothy F. Maloney
                                                     Timothy F. Maloney
                                                     Alyse L. Prawde
                                                     Joseph, Greenwald & Laake, P.A.
                                                     6404 Ivy Lane, Suite 400
                                                     Greenbelt, Maryland 20770
                                                     (301) 220-2200 (phone)
                                                     (301) 220-1214 (fax)
                                                     tmaloney@jgllaw.com
                                                     aprawde@jgllaw.com

                                                     *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July, 2020, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/
Alyse L. Prawde